# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN MORALES SALAZAR,<br><br>                             Petitioner,<br>     vs.<br><br>GEORGE W. VENABLES, United States Marshal for the Southern District of California,<br><br>                             Respondent. | CASE NO. 10 CV 1566 MMA (AJB)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Related Case No. 09 MJ 2545 BLM |

On July 27, 2010, Petitioner Efrain Morales Salazar filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by the United States Marshal Service pursuant to a magistrate judge's order granting a certificate of extraditability. [Doc. No. 1.] On August 9, 2010, the Court ordered the Respondent to show cause why the petition should not be granted. On August 30, Respondent timely filed a response, indicating no objection to the petition. Accordingly, for the reasons stated herein, the Court **GRANTS** Petitioner's application for writ of habeas corpus.

## LEGAL STANDARD

An order certifying an individual as extraditable may only be challenged via a petition for writ of habeas corpus. *Manta v. Chertoff*, 518 F.3d 1134, 1140 (9th Cir. 2008). "The district court's habeas review of an extradition order is limited to whether: (1) the extradition magistrate had jurisdiction over the individual sought, (2) the treaty was in force and the accused's alleged

offense fell within the treaty's terms, and (3) there is "any competent evidence" supporting the probable cause determination of the magistrate. *Vo v. Benov*, 447 F.3d 1235, 1240 (9th Cir. 2006) (citation omitted). The court reviews purely legal questions *de novo*, and reviews purely factual questions for clear error. *See Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir. 1986).

## DISCUSSION

Petitioner is a United States citizen.[1] On February 27, 2009, the Embassy of Mexico submitted a Diplomatic Note to the United States Department of State requesting that Petitioner be extradited to Mexico. The extradition request arose from an arrest warrant issued in Mexico for Petitioner's alleged involvement in an aggravated homicide in Mexicali, Baja California, Mexico in 1999. The Department of State certified the extradition request on March 26, 2009. Thereafter, the United States Attorneys' Office for the Southern District of California filed an Amended Complaint for Extradition; Petitioner was arrested on September 3, 2009, and arraigned the following day.

After Petitioner's arrest he filed a petition for *amparo* in Mexico, which is similar to a petition for habeas relief in the United States. The judge granted Petitioner's *amparo* on January 12, 2010. Two days later on January 14, however, the same judge who issued the original arrest warrant for Petitioner in December 1999, issued a new arrest warrant again charging Petitioner with aggravated homicide by unfair advantage. On January 27, Petitioner filed a second petition for *amparo*. While the petition was pending in Mexico, Petitioner moved this Court to release him on bail. On March 11, 2010, the magistrate judge presiding over Petitioner's extradition proceedings granted his request for bail, setting various conditions for his release.

Petitioner's second petition for *amparo* was denied on April 6. Petitioner promptly appealed the decision, and on July 15, the appellate panel reversed the lower court's denial of Petitioner's *amparo*. The panel's reversal is a final, non-appealable order, which rendered the Mexican arrest warrant issued on January 14 null and void. Before notice of the panel's decision was provided to this Court, however, the magistrate judge granted Mexico's request for

---

[1] Unless otherwise indicated, all facts cited herein are taken from Petitioner's petition for writ of habeas corpus [Doc. No. 1].

extradition, and certified Petitioner as extraditable on July 23.  Accordingly, Petitioner filed the current petition for a writ of habeas corpus on July 27.

On August 30, Respondent filed a response stating, "[t]he United States Government understands there is no longer a valid basis for [Petitioner's] extradition as set forth in the original requesting complaint.  Therefore, the Government does not oppose his petition." [Doc. No. 4, p.2.]  Because the arrest warrant on which Mexico's extradition request was based is no longer valid, "it appears that there is no longer a basis for his extradition on [the aggravated homicide] charge under the extradition treaty in place between the United States in Mexico.  [*Id*.]  The Court agrees.  "The extradition treaty in force between the United States and Mexico requires the existence of pending criminal charges and a valid arrest warrant in the requesting country.  *In re Extradition of Chapman*, 2007 U.S. Dist. LEXIS 81944 *4-5 (D.C. Haw.) (citing articles 1 and 10 of Extradition Treaty Between the United States of America and the United Mexican States); *see also In re Santos*, 473 F. Supp. 2d 1030, 1038 (C.D. Cal. 2006).  The government bears the burden of demonstrating there is "probable cause to believe that the person named in the extradition request committed the charged offenses." *In re Santos*, 473 F. Supp. 2d at 1038.  Here, without a valid arrest warrant, there is no probable cause to believe Petitioner committed the crime of aggravated homicide, nor are there grounds to extradite him under the treaty between the United States and Mexico.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court **GRANTS** Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

DATED: September 3, 2010

Hon. Michael M. Anello
United States District Judge